**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL BRANNON, individually and on behalf of those similarly situated | Civil Action No.: |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| ABSTRACT ASSOCIATES OF LANCASTER, INC., and WILLIAM STULL, | |
| Defendants. | |

**CLASS ACTION COMPLAINT**

Michael Brannon ("Brannon"), by and through his undersigned counsel, on his own behalf and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure, state:

**STATEMENT OF THE CASE**

1. This case is about Defendant Abstract Associates of Lancaster, Inc.'s practice of charging and collecting notary fees that exceed the fees a notary public may charge under applicable State law.

**JURISDICTION AND VENUE**

2. Michael Brannon is a resident of Fairfield, Pennsylvania.

3. Abstract Associates of Lancaster, Inc. ("Abstract Associates") is a Pennsylvania limited liability company, and its registered office is located at 1515 Oregon Pike Lancaster, Pennsylvania.

4. On information and belief, William Stull ("Stull") is a Pennsylvania notary public, President of Abstract Associates and a resident of Willow Street, Pennsylvania.

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §

1332(d)(2)(A), in that this is a "civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of Plaintiff is a citizen of a State different from any Defendant." *Id.*, 28 U.S.C. § 1367.

6. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) because: (a) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; (b) the proposed Class consists of more than 100 Class members; (c) it is a class action in which any member of a class of plaintiffs is a citizen of a State different from that of defendant; and (d) none of the exceptions under the subsection apply to this action.

7. This Court has supplemental jurisdiction over the violation of 57 Pa.C.S. § 301, *et seq.*, 73 Pa.C.S. § 201-1, *et seq.*, and claims of unjust enrichment as well as any other state statutory and common law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction over pendant state law claims).

8. This Court has both general and specific personal jurisdiction over Abstract Associates and Stull ("Defendants") because the Defendants have conducted and continue to conduct substantial business in the State of Pennsylvania and Adams County.

9. Venue is proper in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred within this judicial district and Defendants conduct substantial business within this judicial district.

**STATUTORY FRAMEWORK**

10. The Pennsylvania Department of State appoints and commissions individuals to

serve as notaries public throughout the Commonwealth of Pennsylvania.

11. Each notary public must take an official oath of office to faithfully perform the duties of the office under the laws of the Commonwealth of Pennsylvania.

12. Each notary public must keep a journal on a tangible medium or an electronic format of that person's notarial acts, and the journal must include the date and time of the notarial act, a description of the type of notarial act, and the fee charged by the notary public.

13. Notaries public in Pennsylvania are governed by the Revised Uniform Law on Notarial Acts (RULNA), 57 Pa.C.S.A. 300, et seq., and applicable State Regulations, and the fee charged for performing notarial acts may not exceed the fees authorized by 4 Pa. Code § 161.1.

14. A notary public in Pennsylvania may not charge more than $5.00 for notarizing all signatures executing an affidavit (no matter how many signatures); $5.00 for notarizing a signature executing a certificate or verification; and $5.00 for notarizing a signature executing an acknowledgment and $2.00 for notarizing each additional name in executing acknowledgments.

15. There is a presumption that the fee for a notary public is the property of the notary public and shall not belong to or be received by the entity that employs the notary public unless mutually agreed by the notary public and the employer.

16. A notary's employer is liable for damages if the notary was acting within the scope of the notary's employment or agency and the employer consented to the notary's actions.

## FACTUAL BACKGROUND

17. On or about September 17, 2021, Brannon obtained a home equity loan secured by residential real estate in Pennsylvania at 43 Meadow Lark Trail, Fairfield, Pennsylvania 17320. As part of the closing on the residential real estate loan, he was given a Closing Disclosure that itemized the closing costs associated with the real estate mortgage. The Loan

Costs in the Closing Disclosure at line 6 in section C designated Services Borrower Did Shop For shows that Stull charged Brannon $35 as a notary fee and Brannon paid the fee.

18. A Closing Disclosure is a form issued by the Consumer Financial Protection Board, created by the Frank-Dodd Wall Street Reform and Consumer Protection Act, 12 U.S.C. §5301, *et seq.*, and is mandated for use in all closed-end consumer credit transactions secured by real property, including purchase money loans, refinances, and loans secured by 25 acres or less.

19. On information and belief, the only notarial service performed by Abstract Associates' notary public was the acknowledgment of Brannon's signature on the mortgage and signature affidavit. A signature affidavit is a form that allows anyone to compare a person's notarized signature to that person's signatures appearing in the closing documents. No other signature in the closing documents is notarized. This is typical of residential mortgages involving a single purchaser or borrower. For residential purchase mortgages involving two purchasers or borrowers, the notary public typically notarizes the signature of the borrowers on the mortgage and signature affidavit.

20. On information and belief, the only notarial service performed by Abstract Associates' notary public at the closing of a residential real estate purchase is the acknowledgment of the buyer's signature on the mortgage and signature affidavit. No other signature in the closing documents of a residential real estate purchase is notarized. This is typical of residential real estate purchases involving one buyer. For residential mortgage purchases and refinances involving two buyers, the notary public typically notarizes the signature of the buyers on the mortgage and signature affidavit.

21. On information and belief, Abstract Associates established a company policy of overcharging, collecting, and receiving fees for notary public services in excess of the fees fixed

by the Secretary of the Commonwealth of Pennsylvania.

22. On information and belief, at all times material hereto, Stull acted on his own behalf and as a notary public, officer, and / or employee of Abstract Associates in actively participating in the wrongful injury producing conduct, by acting as a notary public and acting on the policies and collecting the charges and/or fees complained of by Plaintiffs as herein set forth.

23. The inflated $35 notary fee in the Closing Disclosure that Brannon received was a misrepresentation by Defendants.

24. Residential mortgage lenders require the borrower or purchaser to use the services of a notary public in connection with the settlement of the mortgage loan.

25. A reasonable consumer inherently expects fees for settlement services listed in a Closing Disclosure to be bona fide and proper in amount.

26. Brannon's mortgage lender required him to use, and Brannon had no choice but to use, the services of a notary public in connection with the settlement of his residential mortgage loan.

27. Abstract Associates and Stull (together, "Defendants") by their conduct lead Brannon to assume the $35 notary fee was bona fide and proper.

28. Plaintiff and members of the class relied on Defendants to, and assumed Defendants would, follow Pennsylvania law in providing notarial services.

29. A notary public acknowledged Brannon's signature in connection with the settlement of his residential mortgage loan.

30. Brannon paid the $35 notary fee without objection and thereby relied on Defendants' misrepresentation.

31. Brannon's reliance on Defendants to follow Pennsylvania law and on Defendants'

misrepresentation was justified.

32. Defendants knew or should have known the correct notary charges for signature acknowledgment.

33. Because a notary public is statutorily barred from charging more than $5.00 for notarizing a signature, Abstract Associates and its notary public violated the statute by overcharging Brannon, at a minimum, by $25.

34. Abstract Associates is liable under respondent superior and under statutory authority because the notary public notarized the signatures in the scope of the notary public's employment with Abstract Associates during the closing of Brannon's loan. Abstract Associates knew of the overcharge as it set the notary fee and collected the notary fee. This overcharge is typical of the overcharge of all of Abstract Associates' notaries public.

35. Brannon estimates that, at a minimum, Abstract Associates overcharged buyers of residential real estate by at least $25 in transactions involving one borrower or buyer and by at least $15 in those involving two borrowers or buyers.

36. Upon information and belief, there was no mutual agreement between Abstract Associates and any of the notaries public employed by Abstract Associates that the fees for notary public were fees belonging to or to be received by Abstract Associates. Therefore, *all* notary fees collected by Abstract Associates were illegal overcharges.

37. Defendants have directly benefitted from the intentional overcharge at closings as they received more money from Plaintiff and the Class than was statutorily authorized.

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Rule 23(a), 23(b)(2), and 23(b)(3), and 23(c)(4) of the Federal Rules of Civil

Procedure.

39. Plaintiff seeks to represent a plaintiff class of:

All persons who purchased, sold or refinanced residential real estate in the State of Pennsylvania within, at a minimum, six years prior to and including the date of filing of this complaint and who were charged by Abstract Associates and paid notary fees to Abstract Associates in connection with such purchase, sale or refinance that were in excess of the fees fixed by the Secretary of the Commonwealth of Pennsylvania ("Class").

40. The following people are excluded from the Class: (a) any judge or magistrate presiding over this action and members of their families; (b) Abstract Associates, Abstract Associates' parents, subsidiaries, successors, predecessors, affiliates, and any entity in which Abstract Associates or its parents have a controlling interest and their current or former employees, officers, and directors; (c) members of the family of Stull, (d) persons who properly execute and file a timely request for exclusion from the Class; (e) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (f) counsel for Plaintiff and members of the Class and counsel for Abstract Associates and Stull, and (g) the legal representatives, successors, and assigns of any such excluded persons.

41. Plaintiff satisfies the numerosity, commonality, typicality, adequacy, and predominance prerequisites for suing as representative parties pursuant to Rule 23 of the Federal Rules of Civil Procedure.

42. **Numerosity**. On information and belief, the Class consists of many thousands of people who are so numerous that it is impractical to join them all in this case. Furthermore, the relatively small amount of damage suffered by each Class member makes filing separate suits by each member economically unfeasible.

43. Members of the Class can be easily identified through Abstract Associates' records, and objective criteria permitting self-identification in response to notice, and notice can

be provided through techniques similar to those customarily used in other unjust enrichment claims, statutory violations, unlawful trade practices, and class action controversies.

44.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the Class members sustained damages that all arise out of Abstract Associates' contracts, agreements, wrongful conduct and misrepresentations, and unlawful practices, and Plaintiff and the Class members sustained similar injuries and damages as a result of Abstract Associates' uniform illegal conduct.

45.     **Adequate Representation**: Plaintiff is similarly situated to the members of the Class and will fairly and adequately represent all members of the Class. Plaintiff does not have a relationship with Abstract Associates or Stull other than as an adverse party in this case.

46.     Proposed counsel for the proposed Class, Jonathan F. Andres of Jonathan F. Andres, P.C. and D. Aaron Rihn of Robert Peirce & Associates, P.C. are experienced and knowledgeable about this type of litigation and will fairly and adequately represent the interest of the proposed Class.

47.     No unusual difficulties are anticipated in the management of this action and the Class as a class action.

48.     **Commonality and Predominance**. There are numerous questions of law and facts common to the members of the proposed Class, and these questions predominate over any questions of law or facts that may affect individual members of the Class.

49.     The claims raised by Plaintiff are typical of those of the other members of the Class.

50.     Common questions of law and facts applicable to the Class include, but are not necessarily limited to, the following:

      a.      Whether Defendants routinely overcharged the Class members for notarial services;

      b.      Whether Defendants' conduct and overcharge constitutes a violation of the notary public law;

      c.      Whether Abstract Associates collected, took, or received monies in Abstract Associates' possession and belonging to Plaintiff and the Class and wrongfully converted such monies to its own use and benefit;

      d.      Whether the overcharge amounts to unjust enrichment of Abstract Associates;

      e.      Whether Plaintiff and the Class justifiably relied on Defendants' conduct or representation;

      f.      Whether Plaintiff and the Class were damaged as a proximate cause or result of Defendants' conduct;

      g.      Whether Plaintiff and the Class are entitled to rescission, restitution, or other relief;

      h.      Whether Defendants' conduct and overcharge constitutes deceptive conduct which creates a likelihood of confusion or of misunderstanding;

      i.      Whether any Defendant acted with malice and/or reckless disregard for the law and rights of Plaintiff and the Class necessary for treble damages; and,

      j.      Whether Plaintiff and the Class are entitled to any such further relief as the Court deems appropriate.

51.    **Superiority**. A class action is superior to other available methods for the fair and efficient resolution of this controversy as joinder of all parties in impracticable. A class action is superior to individual litigation because: (a) the amount of damages available to individual plaintiffs are insufficient to make litigation addressing Abstract Associates' conduct economically feasible in the absence of the class action procedure; (b) individualized litigation

would present a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system; and (c) the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

52. In addition, class certification is appropriate under Rule 23(b)(1) or (b)(2) because: (a) the prosecution of separate actions by the individual members of the proposed Class would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Abstract Associates; (b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and (c) Abstract Associates has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief described herein appropriate with respect to the proposed Class as a whole.

53. The damages suffered by the individual Class members will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Abstract Associates' actions. Thus, it would be virtually impossible for the individual Class members to obtain effective relief from Abstract Associates' misconduct. Even if Class members could sustain such individual litigation it still would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of

time, effort and expense will be fostered and uniformity of decisions ensured.

54.     On information and belief, based on publicly available information, Plaintiff alleges that the total amount in controversy exclusive of fees, costs, and interest, based on the estimated number of real estate purchases by members of the Class during the proposed Class period, exceeds $5,000,000.

## COUNT I
## VIOLATION OF PENNSYLVANIA'S REVISED UNIFORM LAW ON NOTARIAL ACTS (RULNA 57 PA.C.S. § 301, et seq.)

55.     Plaintiff incorporates by reference all allegations in the Complaint.

56.     Under Pennsylvania law, persons are prohibited from charging more than $5.00 for notarizing a signature.

57.     By charging a fee for notarial acts higher than the statutory maximum, Abstract Associates has violated 57 Pa.C.S.A. 329.1 and 4 Pa. Code 161.1. Abstract Associates therefore is liable for damages to all members of the Class to whom the company charged excessive fees.

58.     By personally and actively participating in the company policy of charging a fee for notary public service higher than the statutory maximum, Stull has violated the statute and regulation. Stull therefore is individually liable for damages to all members of the Class to whom he participated with Abstract Associates in charging excessive fees.

59.     The conduct of Defendants was willful, wanton, malicious, and done with a reckless disregard for the rights of Plaintiff and the Members of the Class.

WHEREFORE, Plaintiff Michael Brannon, individually and on behalf of each member of the proposed Class, prays the Court grants the following relief:

    a.     Enter an order certifying this action as a class action consisting of all persons who purchased, sold or refinanced the purchase of

       residential real estate in Pennsylvania and were overcharged for notarial services by Defendants from six years before this complaint was filed to the date of judgment;

b. Enter an order appointing Plaintiff as representative of the Class and appointing Jonathan Andres of Jonathan F. Andres, P.C. and D. Aaron Rhin of Robert Peirce & Associates, P.C. counsel for the Class;

c. Enter judgment and award of actual damages incurred by Plaintiff and the Members of the Class he seeks to represent as a result of the wrongful acts complained of, including an award to Plaintiff for his time and effort in prosecution of this case, along with pre-judgment and post-judgment interest at the maximum rate allowed by law against Abstract Associates and Stull, jointly and severally;

d. Enter judgment and award of punitive damages to Plaintiff and the Members of the Class she seeks to represent; and,

e. Award Plaintiff reimbursement of costs and expenses incurred in pursuing this civil action, require Defendants to pay the costs and expenses of Class notice and claim administration, and grant such further relief as the Court may find proper under the premises.

## COUNT II
## UNJUST ENRICHMENT

60. Plaintiff incorporates by reference all allegations in the Complaint.

61. Defendants were or should have been aware of the statutory limitation on notary fees.

62. Defendants knew that persons who purchased, sold or refinanced the purchase of residential real estate purchasers of residential real estate in Pennsylvania were not generally aware of the statutory limitations on notarial fees.

63. Defendants took advantage of the ignorance of such persons and overcharged

them for services.

64. Abstract Associates was unjustly enriched by collecting more money for its services and services of notaries public it employed than was statutorily entitled. Abstract Associates' unjust collection of excessive fees should be returned to Plaintiff and the Class members.

65. Stull personally and actively participated in the establishment of a company policy of charging a fee for notary public service higher than the statutory maximum and, therefore, he is individually liable for damages to all members of the Class caused by Abstract Associates' unjust collection of excessive fees that should be returned to Plaintiff and the Class members.

WHEREFORE, Plaintiff Michael Brannon, individually and on behalf of each member of the proposed Class, pray the Court grants the following relief:

a. Enter an order certifying this action as a class action consisting of all persons who purchased, sold or refinanced the purchase of residential real estate in Pennsylvania and were overcharged for notarial services by Defendants from six years before this complaint was filed to the date of judgment;

b. Enter an order appointing Plaintiff as representatives of the Class and appointing Jonathan Andres of Jonathan F. Andres, P.C. and D. Aaron Rhin of Robert Peirce & Associates, P.C. counsel for the Class;

c. Enter judgment and award of actual damages incurred by Plaintiff and the Members of the Class he seeks to represent as a result of the wrongful acts complained of, including an award to Plaintiff for his time and effort in prosecution of this case, along with pre-judgment and post-judgment interest at the maximum rate allowed by law against Abstract Associates and Stull, jointly and severally;

d. Enter judgment and award of punitive damages to Plaintiff and the

    Members of the Class he seeks to represent; and

 e. Award Plaintiff reimbursement of costs and expenses incurred in pursuing this civil action, require Defendants to pay the costs and expenses of Class notice and claim administration, and grant such further relief as the Court may find proper under the premises.

**<u>COUNT III</u>**
**<u>VIOLATION OF PENNSYLVANIA'S UNFAIR TRADE PRACTICES</u>**
**<u>AND CONSUMER PROTECTION LAW (UTPCPL 73 PA.C.S.A. 201-1 et seq.)</u>**

66. Plaintiff incorporates by reference all allegations in the Complaint.

67. The overcharging of notarial fees is a deceptive act or practice in the conduct of trade or commerce, as those terms are used and defined in the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("Consumer Protection Law"), 73 Pa.C.S. § 201-1, *et seq.*

68. Abstract Associates engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding that includes and/or may include, but is not necessarily limited to, the following:

 a. Charging and collecting a fee disclosed as Notary Fee for service(s) not identified in the notarial services listed in 4 Pa. Code § 161.1;

 b. Failing to disclose if the fee charged and disclosed as a Notary Fee was for services or activities not listed in 4 Pa. Code § 161.1;

 c. Failing to itemize and charge separately for services or activities not listed in 4 Pa. Code § 161.1;

 d. Charging and collecting a fee for notarizing a signature without mutual agreement between the notary public notarizing such signature and Abstract Associates that the fee did not belong to the notary public; and,

   e.  Charging and collecting a fee for notarizing a signature when Abstract Associates did not employ the notary public who notarized the signature.

69. Abstract Associates violated the Consumer Protection Law by charging Plaintiff and the members of the Class excessive notary fees during the purchase, sale or refinance of residential real estate in Pennsylvania.

70. By personally and actively participating in the establishment by Abstract Associates of a company policy of charging a fee for notary public service higher than the statutory maximum and the fraudulent or deceptive conduct alleged herein, Stull has violated the Consumer Protection Law. Therefore, Stull is individually liable for damages to all members of the Class to whom he participated with Abstract Associates in charging excessive fees.

71. Plaintiff and each Member of the Class have thereby been damaged.

72. As a result of Defendants' deceptive acts, Plaintiff and the Members of the Class are entitled to reimbursement of the overcharges.

73. The conduct of Defendants was willful, wanton, malicious, and done with a reckless disregard for the rights of Plaintiff and the Members of the Class.

WHEREFORE, Plaintiff Michael Brannon, individually and on behalf of each member of the proposed Class, pray the Court grant the following relief:

   a.  Enter an order certifying this action as a class action consisting of all persons who purchased, sold or refinanced the purchase of residential real estate in Pennsylvania and were overcharged for notarial services by Defendants from six years before this complaint was filed to the date of judgment;

   b.  Enter an order appointing Plaintiff as representative of the Class and appointing Jonathan Andres of Jonathan F. Andres, P.C. and D. Aaron Rhin of Robert Peirce & Associates, P.C. counsel for the Class;

    c.    Enter judgment and award of actual damages incurred by Plaintiff and the Members of the Class he seeks to represent as a result of the wrongful acts complained of, including an award to Plaintiff for their time and effort in prosecution of this case, along with pre-judgment and post-judgment interest at the maximum rate allowed by law against Abstract Associates and Stull, jointly and severally;

    d.    Enter a judgment in favor of Plaintiff and the members of the Class for treble damages in the sum of three times the amount of the notarial overcharges against Abstract Associates and Stull, jointly and severally;

    e.    Award Class counsel reasonable attorney's fees and reimbursement of all costs and expenses in pursuing this civil action, require Defendants to pay the costs and expenses of Class notice and claim administration, and grant such further relief as the Court may find proper under the premises.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

**Dated**: October 2, 2023

Respectfully submitted,

*/s/ D. Aaron Rihn*
D. Aaron Rihn, Esquire
PA Bar ID No.: 85752
ROBERT PEIRCE & ASSOCIATES, P.C.
707 Grant Street, Suite 125
Pittsburgh, PA 15219
Tel: 412-281-7229
Fax: 412-281-4229
arihn@peircelaw.com

Jonathan F. Andres Esquire (*pro hac* pending)
JONATHAN F. ANDRES P.C.
1127 Hoot Owl Rd.
St. Louis, MO 63005
Tel: 636-633-1208
andres@andreslawpc.com

*Counsel for Plaintiff*