UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL BRANNON, *individually and on behalf of those similarly situated*,<br><br>               Plaintiff,<br>   v.<br><br>ABSTRACT ASSOCIATES OF LANCASTER, INC. & WILLIAM STULL,<br><br>              Defendants. | CIVIL ACTION NO. 1:23-CV-01627<br><br>(MEHALCHICK, J.) |

## MEMORANDUM

Presently before the Court is a motion to dismiss filed by Defendants Abstract Associates of Lancaster, Inc. ("Abstract") and William Stull ("Stull") (collectively, "Defendants"). (Doc. 13; Doc. 14). On October 2, 2023, Plaintiff Michael Brannon ("Brannon") initiated this action by filing a complaint on behalf of himself and those similarly situated, asserting claims under Pennsylvania's Revised Uniform Law on Notarial Acts ("RULNA"), 57 Pa. Cons. Stat. § 301, and Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. Ann. § 201-1, as well as claims for unjust enrichment. (Doc. 1). For the following reasons, Defendants' motion to dismiss shall be **DENIED.** (Doc. 13; Doc. 14).

### I.   BACKGROUND AND PROCEDURAL HISTORY

The following background is taken from Brannon's complaint. (Doc. 1). Abstract is a Pennsylvania limited liability company that, through its notary public, is alleged to have violated RULNA and UTPCPL. (Doc. 1, ¶¶ 11, 14). On or around September 17, 2021, Brannon obtained a home equity loan secured by residential real estate in Pennsylvania. (Doc. 1, ¶ 17). As part of the closing, while acting as closing servicer, Abstract provided Brannon

with a Closing Disclosure which itemized the closing costs associated with his real estate mortgage. (Doc. 1, ¶ 17). A Closing Disclosure is a form created by the Frank-Dodd Wall Street Reform and Consumer Protection Act, 12 U.S.C. §5301, and is required in real estate loans such as the one at bar. (Doc. 1, ¶ 18). On the Closing Disclosure, under the "Loan Costs in the Closing Disclosure line 6 of section C designated Services Borrower Did Shop For" section, it is indicated that Stull, President of Abstract Associates, charged Brannon a $35 notary fee. (Doc. 1, ¶ 17). Brannon paid this fee; however, he now argues the charge was unlawful because it exceeds the $5.00 maximum fee permitted for notarizing a signature. (Doc. 1, ¶¶ 31-34).

On October 2, 2023, Brannon filed the instant complaint, alleging the following counts against Abstract and Stull: Count I – Violation of RULNA, 57 Pa. Cons. Stat. §301; Count II – Unjust Enrichment; and Count III- Violation of UTPCPL, 73 Pa. Stat. Ann. §201-1. (Doc. 1). Brannon brought this action on behalf of himself, and all others similarly situated pursuant to Rule 23(a), 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure. (Doc. 1, ¶¶ 38-54). As relief, Brannon seeks an award of actual damages incurred by himself and class members, including an award to Brannon for his time and effort in litigating this case with interest, and reasonable costs and expenses. (Doc. 1, ¶ 73).

On November 27, 2023, Defendants filed the instant motion to dismiss as well as a brief in support of their motion. (Doc. 13, Doc. 14). Brannon filed a brief in opposition to the motion to dismiss on January 2, 2024. (Doc. 19). Defendants filed a reply brief on January 29, 2024. (Doc. 22). On February 16, 2024, Brannon filed a notice of supplemental authority,

in which he voluntarily disposed of Count I.[1] (Doc. 24). On February 23, 2024, the Defendants filed a notice of supplemental authority.[2] (Doc. 25). The motion to dismiss is fully briefed and ripe for disposition.

## II.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff

---

[1] In Plaintiff's Notice of Supplemental Authority, he attached the Eastern District of Pennsylvania's decision in *Seplow v. Closing Pro Inc., et al.*, 2024 WL 649260, *1-7 (E.D. Pa. Feb. 16, 2024). The *Seplow* court held that there is no private action under RULNA. (Doc. 24-1, at 3-7); *Seplow*, 2024 WL 649260 at *1-3. Considering this ruling, Brannon has voluntarily disposed of his RULNA claim, Count I of his complaint. (Doc. 24, at 1).

[2] In Defendants' Notice of Supplemental Authority, they attached this Court's decision in *Smith v. Radian Settlement Services, Inc.*, 2024 WL 666178, *1-4 (M.D. Pa. Feb. 16, 2024). Therein, applying *Seplow*, the Court held there is no private action under RULNA. (Doc. 25-1, at 4-8); *Smith*, 2024 WL 666178, at *1-3.

must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

**III.   DISCUSSION**

The parties dispute whether Brannon has sufficiently alleged Count II and Count III of his complaint, unjust enrichment, and violation of UTPCPL respectively. (Doc. 13, ¶¶ 5-8; Doc. 19, at 10-11). Defendants aver that Brannon's unjust enrichment claim should be dismissed because he fails to allege Defendants retained a benefit sufficient to state a claim for unjust enrichment. (Doc. 13, ¶¶ 5, 6; Doc. 14, at 8-10). Defendants also argue that Brannon's UTPCPL claim should be dismissed because he fails to demonstrate justifiable reliance sufficient to state a claim under the UTPCPL. (Doc. 13, ¶¶ 8-9; Doc. 14, at 12-13). Brannon maintains he has stated a claim for unjust enrichment and violation of the UTPCPL. (Doc. 19, at 26-29). For the following reasons, at this early stage of the litigation, the Court agrees with Brannon. Defendants' motion to dismiss will be **DENIED**. (Doc. 13).

    A.    <u>Failure to State a Claim for Unjust Enrichment</u>

Defendants submit that Brannon's unjust enrichment claim is barred by the voluntary payment doctrine because he agreed to a contract for services that itemized the $35 notarization fee and voluntarily paid according to the contract. (Doc. 13, ¶ 6; Doc. 14, at 3-4). Brannon responds that he has sufficiently alleged his claim because the inflated notary cost charged by Defendants is alleged to be unlawful or improper conduct and because Defendants benefitted from overcharging Brannon the notary fee. (Doc. 19, at 24-25). Additionally, Brannon argues that merely receiving a benefit for the payment does not defeat the unjust enrichment claim. (Doc. 19, at 25).

Unjust enrichment is "the retention of a benefit conferred by another, without offering compensation, in circumstances where compensation is reasonably expected, and for which the beneficiary must make restitution." *Roethlein v. Portnoff L. Assocs., Ltd.*, 81 A.3d 816, 825 n.8 (Pa. 2013). An unjust enrichment action is based in equity and is one "which sounds in

5

quasi-contract or contract implied in law." *Seplow*, 2024 WL 649260, at *4 (quoting *Roethlein*, 81 A.3d at 825 n.8). Quasi-contracts and contracts implied in law "are not based on the apparent intention of the parties to undertake the performances in question, nor are they promises. They are obligations created by law for reasons of justice." *Seplow*, 2024 WL 649260, at *4 (quoting *Schott v. Westinghouse Elec. Corp.*, 259 A.2d 443, 449 (Pa. 1969)). "'The elements of unjust enrichment are benefits conferred on one party by the other party, appreciation of such benefits, and acceptance and retention of such benefits under such circumstances that it would be inequitable for that party to retain the benefit without payment of value.'" *McConaghy v. Bank of New York*, 192 A.3d 1171, 1175 (Pa. Super. Ct. 2018) (quoting *Gutteridge v. J3 Energy Group, Inc.*, 165 A.3d 908, 917 (Pa. Super. Ct. 2017)).

Unjust enrichment claims can be pled either as an alternative to breach of contract or as a companion to an underlying tort claim. *Seplow*, 2024 WL 649260, at *4; *see also Whitaker v. Herr Foods, Inc.*, 198 F. Supp. 3d 476, 492 (E.D. Pa. 2016). When unjust enrichment is pled as an alternative to breach of contract, recovery is unavailable if a written or express contract exists. *Whitaker*, 198 F. Supp. 3d at 492-3. When unjust enrichment is pled as a companion, not an alternative, to an underlying tort claim and is established through improper conduct, the existence of a written contract does not render recovery unavailable. *See Whitaker*, 198 F. Supp. 3d at 492-3 (stating that unjust enrichment claims fall into two categories and only the first category, quasi-contracts, precludes the doctrine when a written or express contract exists). Further, when unjust enrichment is pled as a tort companion, it can be established through improper conduct involved in an underlying claim, such as fraud. *Seplow*, 2024 WL 649260, at *4; *see also Whitaker*, 198 F. Supp. 3d at 492 (defining unjust enrichment as "a theory based on unlawful or improper conduct established by an underlying claim, such as

fraud, in which case the unjust enrichment claim is a companion to the underlying claim."). In such cases, unjust enrichment need not be pled as an alternative to breach of contract. *Whitaker*, 198 F. Supp. 3d at 492-3. Unjust enrichment claims may arise when a party's obligations are created by "reasons of justice," rather than express terms. *Schott*, 259 A.2d at 449. Relevant here, notaries, as public officials who "owe a duty to the public to discharge his or her functions with diligence" may be held liable under equitable theories of liability "for reasons of justice." *Seplow*, 2024 WL 649260, at *4 (citing *Villanueva v. Brown*, 103 F.3d 1128, 1137 (3d Cir. 1997)).

The affirmative defense of the voluntary payment doctrine precludes any claim for unjust enrichment when a plaintiff, absent fraud or duress and with full knowledge of the facts, voluntarily pays money to another. *Ciser v. Nestle Waters N. Am. Inc.*, 596 F. App'x 157, 159 (3d Cir. 2015) ("voluntary payment doctrine[. . .] prevents the recovery of payments made in the absence of fraud, duress, or similar compulsion") (citing *Matter of New Jersey State Bd. of Dentistry*, 423 A.2d 640, 643 (N.J. 1980)). "Consistent with this rationale, '[t]he voluntary payment defense ... is inapplicable when money is paid by a person without full knowledge of the facts.'" *Essex Ins. Co. v. RMJC, Inc.*, 306 F. App'x 749, 755 (3d Cir. 2009) (quoting *Liss & Marion, P.C. v. Recordex Acquisition Corp.,* 937 A.2d 503, 514 (Pa. Super. Ct. 2007) (internal quotation omitted).

A notary company can retain an unjust benefit when it unlawfully overcharges for services and the other party is not aware. *See Seplow*, 2024 WL 649260, at *4 ("the purportedly 'agreed upon price' incorporated an unlawful overcharge, of which one party – a party exercising authority conferred by statute – was aware, and the other was not."); *see also Jarzyna v. Home Properties, L.P.*, No. CV 10-04191, 2013 WL 12155357, at *1 n.3 (E.D. Pa. Dec. 13,

2013) (noting that a conferral of an actual benefit would be assumed if a landlord unlawfully charges extra fees and actually retains them). Further, when a plaintiff "had no awareness of the unlawful nature of the notary services charge, [] unless discovery reveals facts to the contrary, a voluntary payment defense lacks merit." *Seplow*, 2024 WL 649260, at *4; *see Lawn v. Enhanced Serv. Billing, Inc.*, No. 10-CV-1196, 2010 WL 2773377, at *2 (E.D. Pa. July 13, 2010) ("[t]he Voluntary Payment Rule does not preclude any of Plaintiff's claims in this case. Plaintiff's Complaint alleges that payments were made to Defendants because unauthorized and misleading charges were placed on Plaintiff's telephone bill. ***At this stage of the proceedings***, the depth of Plaintiff's knowledge regarding the Verizon bill is unclear.") (emphasis added); compare *Smith*, 2024 WL 666178.[3] Affirmative defenses such as the voluntary payment defense are not typically considered at the motion to dismiss stage. *See McLean v. Big Lots Inc.*, 542 F. Supp. 3d 343, 354 (W.D. Pa. 2021) ("'The voluntary payment doctrine is not properly considered at the motion to dismiss stage when the factual record is insufficient to determine its viability.'")(quoting *Gallo v. PHH Mortg. Corp.*, 916 F.Supp.2d 537, 553 (D. N.J. 2012)).

Here, Abstract is a title insurance and closing service and Stull is a notary public and, as its President, an officer of Abstract. (Doc. 1, ¶¶ 3-5). As such, Defendants each have a duty to comply with the law and to serve the public "with diligence." *See Villanueva*, 103 F.3d at 1137 ("'[a] notary is a public officer and owes a duty to the public to discharge his or her functions with diligence."). Brannon alleges that Defendants have charged more than the law permitted for services conferred. (Doc. 1, ¶ 35). It is therefore plausible that Defendants

---

[3] In *Smith*, the court followed the *Tripicchio* court and dismissed an unjust enrichment claim in similar circumstances because plaintiffs "voluntarily" paid the overcharge. 2024 WL 666178, at *3. The *Smith* court reasoned that the plaintiffs, in that case, assumed that the overcharged fee was in accordance with the law, and "[m]oney paid voluntarily, although under a mistake or ignorance of the law cannot be recovered." 2024 WL 666178, at *3.

received a benefit that would be inequitable for them to retain. However, the benefit allegedly retained by Abstract and Stull must be analyzed individually. *CPC Properties, Inc. v. Dominic, Inc.*, No. CIV.A. 12-4405, 2013 WL 4457338, at *6 (E.D. Pa. Aug. 21, 2013) ("[a]n unjust enrichment claim demands an individualized inquiry").

Recovery based on an "indirect" benefit is possible as plaintiffs need not plead direct interactions or communications with each defendant. *Global Ground Support, LLC, v. Glazer Enter., Inc.,* 581 F.Supp.2d 669, 676 (E.D. Pa. 2008) ("[p]laintiffs need not have directly dealt with each defendant in order to allege a claim of unjust enrichment against them."). However, "the benefit to the defendant must be more than remote to support an unjust enrichment claim." *Century Indem. Co. v. URS Corp.*, No. CIV.A. 08-5006, 2009 WL 2446990, at *6 (E.D. Pa. Aug. 7, 2009) (citing *Allegheny Gen. Hosp. v. Philip Morris, Inc.,* 228 F.3d 429, 447 (3d Cir. 2000)). When the benefit conferred on a defendant is "incidental," a plaintiff cannot recover from that defendant. *See, e.g., Allegheny Gen. Hosp.,* 228 F.3d at 447 ("incidental benefit to the Tobacco Companies is not enough to maintain an action; the nonpaying patients got the main benefit, not the Tobacco Companies").

Brannon alleges that Defendants misrepresented unlawful fees when they overcharged for notary services. (Doc. 1, ¶¶ 23-27). The complaint provides that Stull, as a notary public and corporate officer, instituted a policy at Abstract to charge unlawful fees under the belief that reasonable consumers would not know those fees were unlawful. (Doc. 1, ¶¶ 21, 65, 70). According to the complaint, Defendants then accepted and appreciated additional monetary payments in excess of what they were entitled to by law. (Doc. 1, ¶ 32-34); *see Seplow,* 2024 WL 649260, at *4 (finding that a voluntary unlawful overcharge is a sufficient allegation for unjust enrichment). Therefore, this Court finds that Plaintiff has sufficiently alleged that

Defendants retained an actual benefit that they were not entitled to under the law. *See Silva v. Rite Aid Corp.*, 416 F.Supp.3d 394, 403-404 (M.D. Pa. 2019) (finding that unjust enrichment as a companion cause of action survives if the underlying tort is actionable).

Similarly, Defendants' voluntary payment defense is unavailing at this juncture. (Doc. 14, at 13-15). The voluntary payment defense is not ordinarily available at the motion to dismiss stage, unless it is clear on the face of the complaint that a plaintiff made this payment with "full knowledge." *See McLean*, 542 F. Supp. 3d at 354; *Lawn*, 2010 WL 2773377, at *2. Here, Brannon alleges that he assumed that Defendants, as a company and notary public with a duty to provide a public service with diligence, charged him a bona fide amount. *See, e.g., Liss & Marion, P.C. v. Recordex Acquisition Corp.*, 983 A.2d 652, 661 (Pa. 2009) (voluntary payment defense unavailable related to misrepresentation in invoice); *see also Villanueva*, 103 F.3d at 1137. The allegations in the complaint do not allege that Brannon paid $35 to Abstract with "full knowledge." *Lawn*, 2010 WL 2773377, at *2.  Accordingly, Defendants' motion to dismiss Brannon's unjust enrichment claim, Count II of the complaint, is **DENIED**. (Doc. 1, ¶ 64; Doc. 13); *see Ortiz v. Keystone Premier Settlement Services, LLC*, 2024 WL 3522036, *1-12, *5-8 (M.D. Pa. July 23, 2024) (finding that allegations that a servicer voluntarily overcharged for notary services creates an inequitable benefit sufficient to sustain an unjust enrichment claim).

      B.      <u>FAILURE TO STATE A CLAIM UNDER THE UTPCPL</u>

Next, the parties dispute whether Brannon has sufficiently alleged Defendants engaged in the requisite fraudulent conduct to sustain his UTPCPL claim. (Doc. 13, ¶ 8; Doc. 14, at 10-12). According to Defendants, the $35 fee they charged Brannon did not create a reliance that was "willful, wanton, malicious, and done with a reckless disregard for the rights of [the]

Plaintiff." (Doc. 13, ¶ 7). Brannon responds that he sufficiently alleged justifiable reliance by alleging that Defendants' "deceptive conduct induced Brannon to pay the inflated notary fees necessary to close on his home mortgage."[4] (Doc. 19, at 26).

The UTPCPL acts as Pennsylvania's Consumer Protection Law, seeking to prevent "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce...." *Bennett v. A.T. Masterpiece Homes at Broadsprings, LLC*, 40 A.3d 145, 151 (Pa. Super. Ct. 2012) (quoting 73 Pa. Stat. Ann. § 201–3). The UTPCPL prohibits "fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." *Bennett*, 40 A.3d at 154 (quoting 73 Pa. Stat. Ann. § 201–2(4)(xxi)). This catch-all provision "is meant to encompass a broad range of deceptive behavior on which a consumer relies to his detriment," including charging more than the statutorily allowable maximum price. *Seplow,* 2024 WL 649260, at *6. "The purpose of the UTPCPL is to protect the public from unfair or deceptive business practices such as fraud." *Bennett*, 40 A.3d at 151 (citing *Agliori v. Metropolitan Life Ins. Co.,* 879 A.2d 315, 318 (Pa. Super. Ct. 2005)). To effectuate this purpose, Pennsylvania's Supreme Court has held that the UTPCPL is to be

---

[4] In his opposition brief, Brannon includes a lengthy list of citations to cases where courts have found justifiable reliance in analogous circumstances. (Doc. 19, at 28-29). Brannon notes that in situations like the ones at bar, courts in the Third Circuit found justifiable reliance sufficient to state a UTPCPL claim. *See Butakis v. NVR, Inc.*, 668 F. Supp. 3d 349, 357 (E.D. Pa. 2023) (plaintiffs pled justifiable reliance when defendants "failed to disclose to them that the Special Assessment carried interest and other charges, which they further relied upon when deciding to buy homes."); *McMahon v. Chipotle Mexican Grill, Inc.*, No. 2:20-CV-1448, 2023 WL 2760365, at *8 (W.D. Pa. Apr. 3, 2023) (customers "inherently rely on prices represented by Chipotle as being accurate"); *Slemmer v. McGlaughlin Spray Foam Insulation, Inc.*, 955 F. Supp. 2d 452, 461 (E.D. Pa. 2013) (plaintiffs pled justifiable reliance by alleging that defendants did not disclose damaging side effects); *Coleman v. Commonwealth Land Title Ins. Co.,* 684 F.Supp.2d 595, 619 (E.D. Pa. 2010) ("[p]laintiffs allege sufficient facts of justifiable reliance at this stage by pleading that no [p]laintiff would have knowingly paid a premium for title insurance that was higher than the premium that was actually due and owing.").

"liberally construed." Com., by *Creamer v. Monumental Properties, Inc.*, 329 A.2d 812, 816 (Pa. 1974) (citing *Verona v. Schenley Farms Co.*, 167 A. 317, 320 (Pa. 1933)). As a result, courts recognize a lower pleading standard for UTPCPL claims as opposed to claims of common law fraud. See *Seplow,* 2024 WL 649260, at *5; See *Bennett,* 40 A.3d at 154.

"To bring a private cause of action under the UTPCPL, a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance." *Seplow,* 2024 WL 649260, at *5 (quoting *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004)); *accord Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 224 (3d Cir. 2008)). As such, "a plaintiff alleging violations of the Consumer Protection Law must prove justifiable reliance." *Hunt,* 538 F.3d at 224. "For pleading purposes, the complaint must establish that, had the plaintiff known of the deceptive conduct, he would have acted differently." *Seplow,* 2024 WL 649260, at *5.

Under Pennsylvania law, plaintiffs do not "enjoy[] a presumption of reliance," accordingly reliance must be proven affirmatively. *Hunt,* 538 F.3d at 227. However, Pennsylvania courts have "recognized one exception to the requirement to prove justifiable reliance, where there is a fiduciary relationship." *Seplow,* 2024 WL 649260, at *6; *See Debbs v. Chrysler Corp.*, 810 A.2d 137, 157 (Pa. Super. Ct. 2002). Importantly, courts have considered justifiable reliance a question for a fact-finder. *Johnson v. MetLife Bank*, N.A., 883 F. Supp. 2d 542, 548-49 (E.D. Pa. 2012) (noting that justifiable reliance is a question of fact, depending on the parties' circumstances and relationship). For UTPCPL claims with multiple defendants, a plaintiff must make specific allegations of justifiable reliance for each defendant. *Loften v. Diolosa*, No. CIV. A. 3:CV-05-1193, 2008 WL 2994823, at *8 (M.D. Pa. July 31, 2008) ("specifics must be plead as to each [d]efendant in order to accomplish the purpose of

12

providing defendants with notice of particular unfair or deceptive acts asserted against them and reasonable opportunity to answer.") (internal quotation and citation omitted).

Brannon alleges that overcharging for notarial fees is a deceptive practice as defined in UTPCPL. (Doc. 1, ¶ 67). The complaint avers that Abstract's overcharge of the notary fee was deceptive and created a likelihood of confusion or misunderstanding, thus rendering it in violation of the UTPCPL. (Doc. 1, ¶¶ 68-69). Brannon further alleges in his role as an officer and notary public for Abstract, Stull had sufficient control of the company to institute the practice of charging over the statutory limit for notary services, therefore making him personally liable for a UTPCPL violation. (Doc. 1, ¶ 70). As alleged by Brannon, Defendants' conduct in setting a policy charging $35 for notary services "was willful, wanton, malicious, and done with a reckless disregard for the rights of Plaintiff and the Members of the class." (Doc. 1, ¶ 73).

These allegations are sufficient for Brannon to meet his burden as to his UTPCPL claims against Defendants at this stage of the litigation. (Doc. 1, ¶¶ 66-73); *see Coleman*, 684 F. Supp. 2d at 619 (finding justifiable reliance sufficiently pled under the UTPCPL when a plaintiff was charged more than she owed since no reasonable person would knowingly pay more for insurance than was owed); *see also Cohen v. Chicago Title Ins. Co.*, No. CIV.A.06-873, 2006 WL 1582320, at *3 (E.D. Pa. June 5, 2006) (denying a motion to dismiss UTPCPL claims based on title insurance overcharges above the statutory maximum rate); *cf.*. *Salvati v. Deutsche Bank Nat. Tr. Co.*, 575 F. App'x 49, 56 (3d Cir. 2014) (dismissing UTPCPL claims because plaintiff admitted to not having actually paid the unlawful charges imposed by defendants and thus suffered no loss). Accordingly, Defendants' motion to dismiss is **DENIED** as to Brannon's UTPCPL claim. (Doc. 1, ¶ 68); *see Ortiz*, 2024 WL 3522036, at *8-

10 (denying a motion to dismiss a claim asserted under the UTPCPL and finding that alleged reliance on the statutory accuracy of a notary service's fees is sufficient for a plaintiff to meet their burden under the UTPLCPL at the pleading stage of litigation).

IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **DENIED**. (Doc. 13). An appropriate Order follows.

BY THE COURT:

Dated: August 19, 2024

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**